ARASH BERAL (BAR NO. 245219)
arash.beral@ffslaw.com
JEFFREY M. JENSEN (BAR NO. 262710)
jeffrey.jensen@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Defendants RAGEON, INC.
and MICHAEL KRILIVSKY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAGEON, INC.; MICHAEL KRILIVSKY,<br><br>　　　　Defendants. | Case No. 2:19-CV-10806-DSF-MAA<br><br>**DEFENDANTS RAGEON, INC. AND MICHAEL KRILIVSKY'S ANSWER TO PLAINTIFF ATARI INTERACTIVE, INC.'S FIRST AMENDED COMPLAINT** |

Defendants RAGEON, INC. ("RageOn") and MICHAEL KRILIVSKY (together, "Defendants"), by and through their undersigned attorneys, hereby file the following Answer in response to Plaintiff ATARI INTERACTIVE, INC.'s ("Plaintiff") First Amended Complaint ("Complaint") and deny all allegations not specifically admitted and state as follows below. All responses are given with respect to allegations of fact as those facts existed as of the date of the filing of the Complaint (September 11, 2020).

## **PARTIES**

1. Answering paragraph 1 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

4661697.1 27867-831

1   2.   Answering paragraph 2 of the Complaint, Defendants admit the allegations set forth therein.

3.   Answering paragraph 3 of the Complaint, Defendants deny the allegations set forth therein.

## JURISDICTION AND VENUE

4.   Answering paragraph 4 of the Complaint, the paragraph states legal conclusion to which no response is required.

5.   Answering paragraph 5 of the Complaint, Defendants deny that Plaintiff has suffered any injury caused by Defendants.  The remainder of the paragraph states legal conclusion to which no response is required.

6.   Answering paragraph 6 of the Complaint, Defendants deny that RageOn maintains corporate offices in California.  Defendants admit that RageOn markets and sells goods to customers in California.  The remainder of the paragraph states legal conclusion to which no response is required.

7.   Answering paragraph 7 of the Complaint, Defendants deny that any of RageOn's conduct is unlawful or that Mr. Krilivsky directed any unlawful conduct.  Defendants deny that Mr. Krilivsky resides in California.  The remainder of the paragraph states legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

**A.   Atari Is an Iconic Video Game Brand.**

8.   Answering paragraph 8 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

9.   Answering paragraph 9 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

10.   Answering paragraph 10 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that

paragraph and on that basis deny them.

11. Answering paragraph 11 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

12. Answering paragraph 12 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

13. Answering paragraph 13 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

14. Answering paragraph 14 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

15. Answering paragraph 15 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

16. Answering paragraph 16 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

**B.   RageOn Knowingly Infringes Upon Atari's Intellectual Property Rights by Creating, Manufacturing, and Distributing Large Quantities of Counterfeit Atari Clothing and Printed Material.**

17. Answering paragraph 17 of the Complaint, Defendants admit that RageOn, Inc. was formed in or around 2015, but deny that RageOn's business was launched in 2015.  Defendants admit that RageOn's platform allows artists to create and sell their designs.  Defendants deny that RageOn's model "results in it actively facilitating the sale of substantial quantities of counterfeit goods."

/ / /

4661697.1 27867-831

3
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

18. Answering paragraph 18 of the Complaint, Defendants admit that artists can upload artwork to be printed on a variety of apparel through third party sources at production times that vary and that RageOn typically retains a portion of the sale price.

19. Answering paragraph 19 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

20. Answering paragraph 20 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

21. Answering paragraph 21 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

22. Answering paragraph 22 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

**C.    RageOn's Infringement Extends Beyond Use of Atari's Intellectual Property on the Actual Products Sold on the Site.**

23. Answering paragraph 23 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

24. Answering paragraph 24 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

25. Answering paragraph 25 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

///

### D. Krilivsky Authorized and Was the Moving Force Behind RageOn's Unlawful Conduct.

26. Answering paragraph 26 of the Complaint, Defendants admit that Mr. Krilivsky established RageOn, is its CEO, is a founder, and owns an interest in RageOn. Defendants deny the remaining allegations.

27. Answering paragraph 27 of the Complaint, Defendants deny the allegations.

28. Answering paragraph 28 of the Complaint, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement and Counterfeiting Against All Defendants)**

29. Answering paragraph 29 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

30. Answering paragraph 30 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

31. Answering paragraph 31 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

32. Answering paragraph 32 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

33. Answering paragraph 33 of the Complaint, Defendants deny the allegations.

34. Answering paragraph 34 of the Complaint, Defendants deny the allegations insofar as the allegations disregard RageOn's third party licenses.

35. Answering paragraph 35 of the Complaint, Defendants deny the allegations.

36. Answering paragraph 36 of the Complaint, Defendants deny the allegations.

37. Answering paragraph 37 of the Complaint, Defendants deny the allegations.

38. Answering paragraph 38 of the Complaint, Defendants deny the allegations.

39. Answering paragraph 39 of the Complaint, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

40. Answering paragraph 40 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

41. Answering paragraph 41 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

42. Answering paragraph 42 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

43. Answering paragraph 43 of the Complaint, Defendants deny the allegations.

44. Answering paragraph 44 of the Complaint, Defendants deny the allegations.

45. Answering paragraph 45 of the Complaint, Defendants deny the allegations.

46. Answering paragraph 46 of the Complaint, Defendants deny the allegations.

47. Answering paragraph 47 of the Complaint, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution Against All Defendants)

48. Answering paragraph 48 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

49. Answering paragraph 49 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

50. Answering paragraph 50 of the Complaint, Defendants deny the allegations.

51. Answering paragraph 51 of the Complaint, Defendants deny the allegations.

52. Answering paragraph 52 of the Complaint, Defendants deny the allegations.

53. Answering paragraph 53 of the Complaint, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin Against All Defendants)

54. Answering paragraph 54 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

55. Answering paragraph 55 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

56. Answering paragraph 56 of the Complaint, Defendants deny the allegations.

57. Answering paragraph 57 of the Complaint, Defendants deny the allegations.

58. Answering paragraph 58 of the Complaint, Defendants deny the allegations insofar as the allegations disregard RageOn's third party licenses.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

59. Answering paragraph 59 of the Complaint, Defendants deny the allegations.

60. Answering paragraph 60 of the Complaint, Defendants deny the allegations.

61. Answering paragraph 61 of the Complaint, Defendants deny the allegations.

62. Answering paragraph 63 of the Complaint, Defendants deny the allegations.

63. Answering paragraph 64 of the Complaint, Defendants deny the allegations.

## **FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition Against All Defendants)**

64. Answering paragraph 64 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

65. Answering paragraph 65 of the Complaint, Defendants deny the allegations.

66. Answering paragraph 66 of the Complaint, Defendants deny the allegations.

67. Answering paragraph 67 of the Complaint, Defendants deny the allegations.

68. Answering paragraph 68 of the Complaint, Defendants deny the allegations.

69. Answering paragraph 69 of the Complaint, Defendants deny the allegations.

/ / /

/ / /

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

## (Contributory Trademark Infringement and Counterfeiting Against All Defendants)

70. Answering paragraph 70 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

71. Answering paragraph 71 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

72. Answering paragraph 72 of the Complaint, Defendants deny the allegations.

73. Answering paragraph 73 of the Complaint, Defendants deny the allegations.

74. Answering paragraph 74 of the Complaint, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF

## (Contributory Copyright Infringement Against All Defendants)

75. Answering paragraph 75 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

76. Answering paragraph 76 of the Complaint, Defendants deny the allegations suggesting that RageOn has knowingly in the past or is currently infringing on any of Plaintiff's alleged intellectual property rights.

77. Answering paragraph 77 of the Complaint, Defendants deny the allegations.

78. Answering paragraph 78 of the Complaint, Defendants deny the allegations.

79. Answering paragraph 79 of the Complaint, Defendants deny the allegations.

/ / /

**EIGHTH CLAIM FOR RELIEF**

**(Vicarious Trademark Infringement and Counterfeiting Against All Defendants)**

80. Answering paragraph 80 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

81. Answering paragraph 81 of the Complaint, Defendants deny the allegations.

82. Answering paragraph 82 of the Complaint, Defendants deny the allegations.

83. Answering paragraph 83 of the Complaint, Defendants deny the allegations.

**NINTH CLAIM FOR RELIEF**

**(Vicarious Copyright Infringement Against All Defendants)**

84. Answering paragraph 84 of the Complaint, Defendants reassert and incorporate herein by reference each and every denial set forth above.

85. Answering paragraph 85 of the Complaint, Defendants deny the allegations other than to admit that RageOn obtains a percentage of all sales on its website.

86. Answering paragraph 86 of the Complaint, Defendants deny the allegations insofar as they suggest or imply that RageOn has not in the past or is not currently policing its website for alleged violations.

87. Answering paragraph 87 of the Complaint, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendants' right to plead additional defenses or plead counterclaims as discovery of the facts of this matter

warrants, Defendants hereby assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

Defendants have not infringed, directly or indirectly, or contributorily, any of the alleged copyrighted works or trademarks asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiff suffered any damages, which Defendants deny, Plaintiff has failed to mitigate any damages sustained.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid and/or Unenforceable Certificates)

Plaintiff's claim is barred, in whole or in part, to the extent that it is based on alleged infringements of works for which (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature of ownership of, or a chain of title to, the works.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Consent, Reliance, Acquiescence)

Plaintiff knew or should have known of Defendants' alleged actions and unreasonably delayed efforts to enforce Plaintiff's rights, if any. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, reliance, and/or

acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Is Only Entitled to Thin Protection, If Any)

To the extent Plaintiff may have any copyright interests, Plaintiff's material is entitled only to thin protection, and Plaintiff cannot establish infringement under the governing principles.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Even if Defendants are found to infringe on Plaintiff's alleged copyrights or trademarks or violate any exclusive rights of Plaintiff in any manner, which Defendants deny, Defendants did not willfully, intentionally, purposefully, or deliberately infringe or violate any such rights and therefore, Plaintiff is not entitled to the maximum amount of statutory damages or an award of attorneys' fees or costs.

## NINTH AFFIRMATIVE DEFENSE

### (No Damage Caused by Defendants)

Damages, if any, alleged to have been suffered by Plaintiff, in whole or in part, were the result of causes other than any act or omission by Defendants, including intervening acts of third parties beyond the control of Defendants and the intentional conduct, negligent conduct, fault or other culpable conduct of Plaintiff or others over whom Plaintiff exercised control.

## TENTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

Plaintiff is barred from recovery because Plaintiff has committed misuse of Copyright(s).

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Duplicative Recovery)

Without admitting that the Complaint states a claim, any remedies are limited to the extent there is an overlapping or duplicative recovery pursuant to the various claims against Defendants or others for any alleged single wrong.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Police)

Plaintiff's claims are barred by reason that Plaintiff failed to police and enforce its Copyright(s) and/or Trademark(s) or otherwise acquiesced in the infringement of its copyright(s) and/or Trademark(s) including abandonment, sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Substantial Similarity)

Plaintiff cannot prevail on its claims against Defendants because the allegedly infringing goods are not substantially similar in overall appearance to Plaintiff's alleged copyrights or trademarks.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Access)

Plaintiff cannot prevail on its claims against Defendants because Defendants did not have access to Plaintiff's Subject Design.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Scenes A Faire/Merger)

Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger

doctrine, in that, among other things, Plaintiff's purported protected works are ordinary, commonplace, or standard in the relevant art or industry.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Generic/Non-Distinctive)

Plaintiff cannot prevail on its claims against Defendants because Plaintiff's trademarks are generic and/or non-distinctive.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff cannot prevail on its claims against Defendants because of the doctrine of Laches.

### NINETEENTH AFFIRMATIVE DEFENSE
### (De Minimis)

To the extent that any sales or actions may have been infringing, such infringement was de minimis.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Indemnity)

To the extent Defendants are liable to Plaintiff, Defendants are entitled to indemnity from other persons, including Plaintiff's counsel on whose behalf products at issue in this litigation were ordered.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Offset)

To the extent Defendants are liable to Plaintiff, Defendants are entitled to an offset, as products at issue in this litigation were ordered on behalf of Plaintiff's counsel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (DMCA)

Defendants' alleged actions fall within the safe harbor of the Digital Millennium Copyright Act.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiff claims are barred by the doctrine of acquiescence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Secondary Meaning)**

Plaintiff's purported trademark is not inherently distinctive and has not acquired a secondary meaning and therefore is not subject to protection.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Confusion)**

Plaintiffs cannot recover against Defendants on any of their claims alleged in the Complaint because Defendants have not engaged in any conduct that is likely to deceive or confuse the public.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Copyright)**

Defendants are informed and believe, and on this basis asserts that Plaintiff's works are not subject to copyright protection.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Copyright Infringement)**

Defendants are informed and believe, and on this basis assert that Plaintiff's claims are barred from recovery on the ground that Defendants' alleged use of the alleged copyrighted works do not amount to an infringement as recognized by §106 of the Copyright Act.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Use)**

Defendants are informed and believe, and on this basis assert that Plaintiff's copyright claims are barred from recovery on the ground that Defendants' alleged use of the alleged copyrighted or trademarked works was innocent or accidental.

/ / /

## TWENTY-NINTH AFFIRMATIVE DEFENSE

## (Fair Use)

Defendants are informed and believe, and on this basis assert that Plaintiff's copyright claims are barred from recovery on the ground that Defendants' alleged use of the copyrighted and trademarked works was a fair use.

## THIRTIETH AFFIRMATIVE DEFENSE

## (Puffery)

Defendants are informed and believe, and on this basis asserts that Plaintiff's claims relating to the content of Defendants' advertisements are barred because the advertisements were either accurate, or at the most puffery, and not likely to mislead or deceive any consumers.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

## (Adequate Remedy at Law)

Plaintiff is not entitled to injunctive relief because any alleged injury to plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

## (Invalid/Unenforceable)

Defendants are informed and believe, and on this basis assert, that Plaintiff's alleged copyrights are invalid and/or unenforceable under current Copyright Laws, 17 U.S.C. § 1 et seq.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

## (No Infringement)

Defendants are informed and believe, and on this basis assert that Plaintiff's claims are barred from recovery on the ground that Defendants' alleged use of the alleged copyrighted works and trademarks do not amount to an infringement as recognized by the Copyright Act or the Trademark Act.

/ / /

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Trademark)

Plaintiff's asserted trademark referenced in the Complaint is functional and/or merely ornamental and therefore not subject to protection.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants at this time lack sufficient information to fully set forth all affirmative defenses on their behalf, and hereby reserve their right to assert additional affirmative defenses as facts are discovered throughout the life of this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Judgment be entered in favor of Defendants, and against Plaintiff, on all causes of action alleged in the Complaint;

2. That Defendants be awarded their costs of suit in this matter, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants demand a trial by jury on all issues so triable.

DATED: November 23, 2020        FREEMAN, FREEMAN & SMILEY, LLP

By:  */s/ Arash Beral*
ARASH BERAL
JEFFREY M. JENSEN
Attorneys for Defendants RAGEON, INC. and MICHAEL KRILIVSKY