ARASH BERAL (SBN 245219)
ABeral@BlankRome.com
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for RAGEON, INC. and
MICHAEL KRILIVSKY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>RAGEON, INC. and MICHAEL KRILIVSKY,<br><br>          Defendants. | Case No. 2:19-CV-10806-DSF-MAA<br><br>Honorable Dale S. Fischer<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR DEFENDANTS RAGEON, INC. AND MICHAEL KRILIVSKY**<br><br>(Notice of Motion, Declaration of Arash Beral, and Proposed Order submitted concurrently)<br><br>Date:          June 14, 2021<br>Time:          1:30 p.m.<br>Dept.:         7D<br><br>Complaint filed:   December 20, 2019<br>Trial Date:          March 22, 2022 |

160128.00605/125916871v.1

I.      **INTRODUCTION**

Through this Motion, Blank Rome seeks to withdraw as attorneys of record for Defendants due to a complete breakdown in the client-attorney relationship and communication pipeline, Defendants' unilateral actions to proceed with an assignment for the benefit of creditors and liquidation without informing Blank Rome in advance, failing to communicate with Blank Rome for long periods of time, and Defendants' failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice.  Accordingly, an order permitting Blank Rome's withdrawal as counsel is justified.

II.     **STATEMENT OF RELEVANT FACTS**

Plaintiff Atari Interactive, Inc. ("Plaintiff") initiated the instant lawsuit against RageOn on December 20, 2019.  (Dkt. No. 1.)  The Complaint and Summons were served upon RageOn on December 27, 2019.  (Dkt. No. 11.) RageOn failed to make an appearance or file a timely responsive pleading to the Complaint, and thereafter, default was entered against RageOn by the Clerk on January 30, 2020.  (Dkt. No. 13.)  Plaintiff submitted its Application for Default Judgment against RageOn on February 24, 2020 (Dkt. No. 14), and the Court entered its order granting Plaintiff's application in part on April 2, 2020 (Dkt. No. 16).  Through its order, the Court enjoined RageOn from infringing Plaintiff's copyrights and trademarks, and awarded Plaintiff $800,000 in statutory damages. (Dkt. No. 16.)  Judgment against RageOn was entered on April 15, 2020, and a writ of execution was issued against RageOn pursuant to that judgment on June 24, 2020.  (Dkt. Nos. 19 and 24.)

Throughout the entirety of the aforementioned chain of events, RageOn's then-counsel the Law Offices of P.B. Tufariello, P.C. ("Prior Counsel") was derelict in its duties to RageOn, and failed to both notify RageOn of risk of judgment likely to result from the lawsuit, and indeed failed to defend RageOn at all, as evidenced by Prior Counsel's failure to even make an appearance on the

record prior to the entry of default, entry of default judgment, and issuance of writ of execution against RageOn.  RageOn did not discover the extent of Prior Counsel's abhorrent breach of duties to RageOn until its bank account was emptied by U.S. Marshals in late June 2020 pursuant to the writ of execution.  Thereafter, RageOn retained Beral—who was employed with the law firm of Freeman, Freeman, & Smiley, LLP ("Freeman")— and Freeman as its attorneys of record. (Declaration of Arash Beral ("Beral Decl."), ¶ 2.)

Beral diligently carried out his duties as RageOn's new counsel of record, filing an Emergency Ex Parte Application to Set Aside the Judgement on July 6, 2020.  (Dkt. No. 26.)  Initially, the Court entered an order granting in part RageOn's Emergency Ex Parte Application to Set Aside the Judgment on July 10, 2020, and prohibiting Plaintiff from taking further steps to enforce the default judgment or writ of execution pending the Court's decision on a noticed motion for relief from default judgment, to set aside entry of default, and to recall the writ of execution.  (Dkt. No. 29.)  Following several hearings with the Magistrate Judge, supplemental briefing and submission of declaration and evidentiary support by both Plaintiff and RageOn, the Court considered all arguments and entered an order granting in full RageOn's motion to set aside entry of default, vacate the default judgment, and quash the writ of execution on August 25, 2020.  (Dkt. No. 71.) RageOn was further ordered to file its responsive pleading to the Complaint by September 15, 2020.  (*Id.*)

Plaintiff then filed its First Amended Complaint ("FAC") on September 11, 2020, adding RageOn's Chief Executive Officer Michael Krilivsky ("Krilivsky") as a co-defendant to this action.  (Dkt. No. 72.)  RageOn and Krilivsky (collectively, "Defendants") timely filed their Answer to the FAC on November 23, 2020 pursuant to stipulation between the parties.  (Dkt. Nos. 75, 76, 78.)

Beginning January 1, 2021, Beral moved from Freeman to Blank Rome, with representation of Defendants transferring to Blank Rome as well.  (Dkt. Nos. 81,

-2-

83; Beral Decl., ¶ 3.)  The change of law firms did not affect Beral's ability to represent Defendants, and since his initial retention by RageOn and Krilivsky, Beral has diligently endeavored to carry out his duties to Defendants and represent their interests.  The parties submitted their Joint Rule 26(f) Report to the Court on January 15, 2021, and the Court in turn adopted the proposed case management dates and deadlines through its January 19, 2021 scheduling order.  (Dkt. Nos. 82, 84.)

The case proceeded to the discovery phase afterwards, but by March 2021, the client-attorney relationship between Defendants and Blank Rome had already become strained.  (Beral Decl., ¶ 4.)  Adverse results in an unrelated Canadian litigation against RageOn effectively crippled RageOn's ability to conduct business, and Defendants' relationship with Blank Rome subsequently soured despite the fact that Blank Rome was not RageOn's legal representative in that foreign action.  (*Id.* at ¶ 5.)  RageOn was allegedly forced to lay off all its staff as a result of the adverse result, and its dire financial situation suggested that outstanding attorney's fees were unlikely to be paid in full, if at all.  (*Id.* at ¶ 6.)

Nevertheless, without any explicit indication that its fees would go unpaid, Blank Rome continued to fulfill its duties and obligations to Defendants and represent it in this action.  However, communications effectively ceased between Beral and Defendants throughout April 2021.  (Beral Decl., ¶ 7.)  Defendants have yet to pay a single invoice from Blank Rome in connection with the services provided in this action.  (*Id.* at ¶ 8.)

Then, without warning and after weeks of complete radio silence from Defendants, Blank Rome received correspondence from Bay Area Receivership Group ("BARG") in April 29, 2021, indicating that RageOn had, without any prior consultation with or notice to Blank Rome, assigned all of its assets to Gerathen (an ABC), LLC ("Gerathen") in connection with an assignment for the benefit of creditors under California common law.  (Beral Decl., ¶ 9, Ex. A.)  According to

BARG, RageOn's assets and intellectual property would be sold pursuant to a bidding process, upon the close of which the proceeds would be distributed according to a creditor hierarchy as set forth in written agreement between RageOn and Gerathen.  (*Id.*)  At no point in time had Defendants and Blank Rome discussed the option of proceeding with an assignment for the benefit of creditors, and this step took Blank Rome entirely by surprise.  (*Id.* at ¶ 10.)  Blank Rome's understanding is that Defendants do not intend to pay any of the balances owed to Blank Rome for services provided.  (*Id.* at ¶ 11.)  As a result of the foregoing, Blank Rome terminated its engagement with Defendants and now respectfully requests that the Court grant the Motion, such that Blank Rome may withdraw as Defendants' attorneys of record.

## III.   <u>DEFENDANT'S ATTORNEYS HAVE PROVIDED PROPER NOTICE OF THIS MOTION</u>.

Local Rule 83-2.3.2. provides that "[a]n attorney may not withdraw as counsel except by leave of court."  A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action, and must be supported by good cause.  *Id.*  Here, the instant motion has been noticed for hearing more than twenty-eight (28) days in the future, with notice of motion served electronically to the client and all other parties who have appeared in this action.  *See* L.R. 6-1.  Moreover, on May 2, 2021 and again on May 7, 2021, Blank Rome provided notice of the termination of its agreement with Defendants and its intent to withdraw as counsel of record in this action.  (Beral Decl., ¶ 12.)  Beral further informed Defendants of the status of this action and upcoming deadlines in accordance with his duties to keep RageOn appraised of the status of this action.  (*Id.*; *see also* L.R. 83-2.3.4; *Wilcher v. City of Beverly Hills*, No. CV 10-1804-VBF (AGRx), 2011 WL 13268010, at *2 (C.D. Cal. Jan. 5, 2011) (actual notice to the client of intent to withdraw is required, and proofs of service evidencing such notice are sufficient); *Fabricant v. Fast Advance*

*Funding, LLC*, No. ,2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018) (noticed motion pursuant to L.R. 6-1 constitutes sufficient written notice to client).)

## IV.   <u>GOOD CAUSE EXISTS TO GRANT LEAVE TO WITHDRAW.</u>

Whether to grant an application to withdraw is a matter within the Court's discretion.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "In determining whether to grant counsel's motion to withdraw, courts often weigh the following four factors: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case.'"  *Kazovsky v. Metrocities Mortgage, LLC*, No. 2:11-cv-06079-ODW, 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (quoting *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009)).

In assessing the reasons for withdrawal, the Court looks to California Rules of Professional Conduct.  *5060 Montclair Plaza Lane Owner, LLC v. CM Ebar, LLC*, No. EDCV 16-1755-MWF (DTBx), 2017 WL 7803791, at *1 (C.D. Cal. Apr. 5, 2017).  Specifically California Rules of Professional Conduct, rule 1.16(b)(6) allows an attorney to withdraw from representing a client if "the client knowingly and freely assents to termination of the representation[.]"  Here, Defendants have already indicated to Blank Rome that RageOn is to be liquidated, and will not seek further substitution of counsel.  (Beral Decl., ¶ 11.)

Moreover, a "breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw."  Mark L. Tuft, et al., California Practice Guide: Professional Responsibility, ¶ 10:46 (2020).  Communication channels regarding litigation have effectively broken down since late March 2021, such that RageOn proceeded to assignment for the benefit of creditors without looping Blank Rome into the decision-making process.  Also, "[a] client's failure to pay legal fees, while not dispositive, may constitute good cause to permit an attorney's withdrawal from

representation of a client." *Fabricant*, 2018 WL 6927809, at *2; see also Cal. Rules of Prof'l Conduct 1.16(b)(5) (2020) (withdrawal allowed where "client breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"). Here, Defendants have failed to pay any outstanding invoices in this matter, and Beral has provided prior notice demanding payment, in response to which Defendants have confirmed no payment will be forthcoming. (Beral Decl., ¶¶ 8, 11.) Accordingly, Blank Rome has sufficient reasons to withdraw from representation of Defendants.

Blank Rome's withdrawal will also not result in any prejudice to the other parties in this case. Krilivsky understands that he may proceed as his own legal representative, i.e., *pro se* in this action, and will be evaluating his options. Moreover, there is no indication that Plaintiff will suffer any prejudice from Blank Rome's withdrawal.

Defendants will not suffer from any prejudice, as they have already taken unilateral action to assign RageOn's assets and intellectual property for a creditors' sale and chosen not to involve Blank Rome in that process. RageOn has already acknowledged that it cannot proceed *pro se*, and confirmed that it does not intend to seek new counsel while fully understanding the consequences of that decision. (Beral Decl., ¶ 11.) The trial of this action is not set to take place until March 22, 2022, and so Defendants have sufficient time to engage new counsel for trial. Similarly, Blank Rome's withdrawal will not cause delay to this case, for the same reason that the trial of this case is not until March 2022.

///
///
///
///

## V.     <u>CONCLUSION</u>

Based upon the foregoing, Defendant's Attorneys respectfully request that this Court grant this Motion and issue an Order Permitting Blank Rome to Withdraw as Counsel of Record on behalf of Defendants.

DATED:  May 12, 2021                    BLANK ROME LLP


By: _/s/ Arash Beral_
                  Arash Beral
*Attorney for Defendants*
*RageOn, Inc. and Michael Krilivsky*