BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
George B. A. Laiolo (State Bar No. 329850)
  glaiolo@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| ATARI INTERACTIVE, INC., | Case No. 2:19-CV-10806-DSF-MAA |
|---|---|
| Plaintiff, | Hon. Dale S. Fischer |
| vs. | **PLAINTIFF ATARI INTERACTIVE, INC.'S APPLICATION FOR ENTRY OF DEFAULT AND REINSTATEMENT OF DEFAULT JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| RAGEON, INC.; MICHAEL KRILIVSKY | |
| Defendants. | *[Filed concurrently with Declaration of George B. A. Laiolo; Notice of Lodging; and [Proposed] Order in Support Thereof]* |
| | Date: September 20, 2021<br>Time: 1:30 p.m.<br>Crtrm.: 7D |

TO THE HONORABLE DALE S. FISCHER, ALL PARTIES HEREIN:

In accordance with Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Atari Interactive, Inc. ("Atari") hereby requests that the Court enter the defaults of Defendants RageOn, Inc. ("RageOn") and Michael Krilivsky ("Krilivsky") for their failure to plead or otherwise defend this action and disobedience of the Court's orders, the Federal Rules of Civil Procedure, and the Central District's Local Rules. Plaintiff further requests the Court reinstate the default judgment previously entered against RageOn.

These requests are based on the Declaration of George B. A. Laiolo and attached Memorandum of Points and Authorities. Specifically, Plaintiff's request as to RageOn is based on RageOn's failure to appear by counsel by June 28, 2021, in violation of the Court's May 28, 2021 order (Dkt. No. 94), resulting in the striking of RageOn's answer. RageOn is also in violation of Local Rules 83-2.2.2, 83-2.2.3, and 83-2.2.4, which bar corporate entities from representing themselves *pro se*. Plaintiff's request as to Krilivsky individually is based on Krilivsky's failure to attend his duly-noticed deposition. Further, Krilivsky's failure to attend his deposition or appear since his counsel's withdrawal violates Local Rules 83-2.2.1, 83-2.2.3, 83-2.2.4, and 83-2.3.3.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 13, 2021 via telephone.

DATED: August 23, 2021　　　　　BROWNE GEORGE ROSS
　　　　　　　　　　　　　　　　O'BRIEN ANNAGUEY & ELLIS LLP
　　　　　　　　　　　　　　　　　Keith J. Wesley
　　　　　　　　　　　　　　　　　Matthew L. Venezia
　　　　　　　　　　　　　　　　　George B. A. Laiolo

　　　　　　　　　　　　　　　　By:　　/s/ *George B. A. Laiolo*
　　　　　　　　　　　　　　　　　　　George B. A. Laiolo
　　　　　　　　　　　　　　　　Attorneys for Plaintiff Atari Interactive, Inc.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTS ................................................................................................................. 2

    A. Defendants' counsel withdraws and Defendants disobey the Court's Order. ........................................................................................ 2

    B. Krilivsky fails to attend his deposition. ................................................. 4

    C. Between being informed of his counsel's withdrawal and missing his deposition, Krilivsky was traveling between sunny paradises and partying while RageOn collapsed. ................................................. 6

    D. Like before, Krilivsky contacts a lawyer at the eleventh hour after Atari has already been prejudiced. ............................................... 7

III. ARGUMENT ....................................................................................................... 7

    A. The Court Should Enter the Default of RageOn. .................................. 8

    B. The Court Should Enter the Default of Krilivsky. ................................ 9

IV. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*City of N.Y. v. Mickalis Pawn Shop, LLC*,
   645 F.3d 114 (2d Cir. 2011) .................................................................................. 7

*Eagle Assocs. v. Bank of Montreal*,
   926 F.2d 1305 (2d Cir. 1991) ................................................................................ 8

*Ringgold Corp. v. Worrall*,
   880 F.2d 1138 (9th Cir. 1989) ............................................................................... 8

**RULES**

C.D. Cal. L.R. 7-3 .................................................................................................... 7

C.D. Cal. L.R. 83-2.2.1 .......................................................................................... 10

C.D. Cal. L.R. 83-2.2.2 ............................................................................................ 8

C.D. Cal. L.R. 83-2.2.3 .......................................................................................... 10

C.D. Cal. L.R. 83-2.2.4 ..................................................................................... 9, 10

C.D. Cal. L.R. 83-2.3.3 .......................................................................................... 10

Fed. R. Civ. P. 30(a) .............................................................................................. 10

Fed. R. Civ. P. 30(b) .............................................................................................. 10

Fed. R. Civ. P. 37(b)(2)(A)(vi) .............................................................................. 10

Fed. R. Civ. P. 37(d) .............................................................................................. 10

Fed. R. Civ. P. 37(d)(3) ........................................................................................... 8

Fed. R. Civ. P. 55(a) ........................................................................................... 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Last year, only after Atari obtained a default judgment and levied RageOn's bank account, RageOn briefly retained counsel to attempt to set aside that default judgment, and return approximately $900k in levied funds to RageOn. RageOn was successful, the Court set aside the default judgment, and the levied funds were returned to RageOn. Unsurprisingly, shortly thereafter, RageOn apparently stiffed those same attorneys on the bill, and RageOn's previous counsel withdrew, with RageOn and its CEO, Krilivsky, refusing to further participate in this case. RageOn has engaged in a ruse before this Court, with the entity essentially disappearing after Krilivsky was reunited with the levied funds.

To be clear, RageOn and Krilivsky have flatly refused to participate in the suit Atari brought against them sufficient to enter default of both Defendants. After the Defendants' only remaining attorneys of record moved to withdraw from representation, in its May 28, 2021 order conditionally granting the motion to withdraw (the "Order"), this Court provided a hard deadline of June 28, 2021 for RageOn to enter an appearance through new counsel. That deadline has come and gone, and RageOn remains an unrepresented entity in violation of the Court's Order, this District's Local Rules, and the Federal Rules of Civil Procedure.

Krilivsky has also individually failed to defend this suit. Instead of appearing for his duly noticed deposition, he chose to travel to various extravagant destinations, publicizing to the world through Instagram his trips to Miami penthouses, Mexican mansions, Los Angeles studios, and the front row of a Major League Baseball stadium, all while RageOn liquidates its assets. As with RageOn, Krilivsky has not participated in this case in any way, and failed to appear at his duly-noticed deposition, prejudicing Atari's ability to obtain discovery on its claims.

This Court should prevent Krilivsky and RageOn from further evading justice by entering the default of both, and further reinstating the default judgment against

1866244.2                                    -1-                    Case No. 2:19-CV-10806-DSF-MAA
PLAINTIFF ATARI INTERACTIVE, INC.'S APPLICATION FOR ENTRY OF DEFAULT AND
REINSTATEMENT OF DEFAULT JUDGMENT

1 RageOn.

## II. FACTS

### A. Defendants' counsel withdraws and Defendants disobey the Court's Order.

On April 15, 2020, this Court entered a default judgment against RageOn for $1,125,600, and permanently enjoined RageOn from infringing any of Atari's trademarks and copyrights. Dkt. No. 16. After Atari levied approximately $900k from RageOn's bank account, RageOn retained counsel to seek to set aside the default judgment, and on August 25, 2020, the Court vacated the default judgment. Dkt. No. 71. In the order vacating the default judgment, the Court "caution[ed] Defendant and its counsel to ensure future filings are accurate and not misleading, particularly when declared under penalty of perjury." *Id.* at 8, n. 9. The Court further noted that, at the time the order came down,

> Plaintiff ha[d] not provided any evidence that Defendant will dissipate and hide its assets, will be unable to satisfy a judgment, or will otherwise improperly prevent Plaintiff from recovering, should it ultimately win on the merits. Moreover, there is no reason to believe that Defendant's current counsel, which has timely complied with all Court deadlines, would ignore this proceeding after the money is returned to Defendant.

*Id.* at 12.

Following the vacation of the default judgment, in September of 2020, Atari filed an amended complaint naming Krilivsky, the CEO of RageOn, as an individual defendant. Dkt. No. 72. When Atari served RageOn with discovery requests, counsel for RageOn provided plainly deficient responses, explaining:

> I understand that RageOn is going through its own issues and I haven't had much dialogue with them since their platform was shut down by Shopify.
>
> . . .
>
> As I understand it, RageOn's employees were laid off so I'm not sure how much time they'll need to get records together. I'm working off of the information I received

> last summer (most or all of which info you already have through the submissions we made to the Court).

*See* Declaration of George B. A. Laiolo ("Laiolo Decl."), ¶ 3, Ex. 1.

By March 2021, the relationship between RageOn and Krilivsky, on the one hand, and those Defendants' attorneys, Blank Rome, LLP ("Blank Rome"), on the other, had become strained. *See* Dkt. No. 92-2. So strained, in fact, that Blank Rome moved to withdraw as counsel for both Defendants on May 12, 2021. *See* Dkt. No. 92-1. The bases for Blank Rome's motion to withdraw were "Defendants' unilateral actions to proceed with an assignment for the benefit of creditors and liquidation without informing Blank Rome in advance, failing to communicate with Blank Rome for long periods of time, and Defendants' failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice." *Id.* at 1.

The Court granted Blank Rome's motion to withdraw contingent on Blank Rome's counsel, Arash Beral ("Beral"), further filing and serving on RageOn and Krilivsky a Declaration (the "Beral Decl.") informing them of their ongoing duties to the Court and Plaintiff's counsel, as well as other facts pertinent to the progression of this case. Dkt. No. 94. Specifically, the Court required the Beral Decl.:

- set forth the Defendants' current address and telephone numbers, recently verified as accurate by the withdrawing counsel (*id.* at 1);
- inform the Defendants that the stated address will be the address to which all future documents will be served or sent until changed by appropriate notice or substitution of attorney (*id.* at 1);
- inform the defendants of all future dates now set in the action, including dates relating to any pending discovery obligations (*id.* at 2);
- inform Krilivsky that any individual appearing pro se will be required to comply with the Court's standing orders, the Central District's local rules, the Federal Rules of Civil Procedure and all other Federal Rules

(*id.*);

- inform RageOn that it cannot appear without counsel (*id.* at 2), and that if RageOn failed to appear through counsel by June 28, 2021, the Court would strike RageOn's answer (*id.* at 3).

Beral filed and served the Beral Decl. by mail and email on Defendants on June 3, 2021. Dkt. No. 95, ¶¶ 2–4, 9. The June 28, 2021 deadline for RageOn to appear through an attorney has elapsed, and Krilivsky has failed to appoint any replacement counsel for his corporation or make any appearance *pro se*.

On May 21, 2021, while Blank Rome's motion to withdraw was pending, counsel for Atari served objections and responses to RageOn's first sets of interrogatories and requests for production on Beral via email. *See* Laiolo Decl., ¶ 4. Having been explicitly instructed by Beral to include Krilivsky on all case-related communications, counsel for Atari CC'd Krilivsky at his email address "mike@rageon.com" on their service email. *Id.* On the same day, Krilivsky replied to counsel for Atari's service of discovery responses, CC'ing Beral, asking "What does this mean exactly?" *Id.* at ¶ 5. Counsel for Atari then replied to Krilivsky, again CC'ing Beral, "We are not your attorneys and cannot provide you legal advice. We represent Atari Interactive, Inc. in its claims against RageOn and yourself in your individual capacity, and are in an adversarial position against you. If you have questions, I would suggest you engage counsel." *Id.* at Ex. 2.

### B. <u>Krilivsky fails to attend his deposition.</u>

On July 7, 2021, Atari served Krilivsky with the Notice of Deposition of Michael Krilivsky ("Notice of Deposition"), setting Krilivsky's deposition for July 14, 2021, via Zoom. *Id.* at ¶ 6, Ex. 3. Atari served the Notice of Deposition via overnight mail to 4481 Shirley Drive, Cleveland, OH 44121—identified in the Beral Decl. (at Dkt. No. 95, ¶ 2) as "the last known mailing address of Defendants." Laiolo Decl., ¶ 7. Atari also served the Notice of Deposition via email on July 7, 2021, to mike@rageon.com, which Beral listed as his primary means of

communication with Krilivsky in the Beral Decl. Dkt. No, 95, ¶ 2; Laiolo Decl. ¶ 7.

To mitigate any potential confusion Krilivsky might have regarding the Notice of Deposition, counsel for Atari sent an additional email to mike@rageon.com on July 7, 2021, attaching the Notice of Deposition and stating:

> Hi Mike, You were just served by Ana Porcellino [Atari's counsel's assistant] with the attached Notice of Deposition of Michael Krilivsky. We have also set out a copy of the Notice for service via overnight mail. As stated in the Notice, Atari intends to take your deposition on July 14, 2021 beginning at 11:00 AM EST via Zoom. Please confirm that you will attend this deposition."

*Id.* at ¶ 8, Ex. 4. Having not received any response, counsel for Atari placed a call to the number identified as Krilivsky's in the Beral Decl. on July 9, 2021 (Dkt. No. 95, ¶ 2). Laiolo Decl., ¶ 9. Counsel for Atari heard no rings, and instantly received an automated message stating, "I'm sorry, but the person you called has a voicemail box that has not been set up yet." *Id.*

On July 11, 2021, counsel for Atari received an email from postmaster@bgrfirm.com indicating that the email counsel for Atari sent to mike@rageon.com—the only email address for Krilivsky listed in the Beral Decl. (and also the email listed on Krilivsky's Instagram (*see* Laiolo Decl. ¶ 16, Ex. 8))—could not be delivered. *Id.* at ¶ 10. The notification's stated reason for the delivery failure was "recipient server unavailable or busy." *Id.* at Ex. 5. Counsel for Atari placed another call to the same number one to two days before the July 14, 2021 deposition, and received the same automated message described in the paragraph above. Laiolo Decl., ¶ 11.

On July 14, 2021, counsel for Atari logged onto the Veritext platform to take Krilivsky's deposition. *Id.* at ¶ 12. After waiting for Krilivsky to appear for roughly 22 minutes to no avail, counsel for Atari concluded the deposition. *Id.* at Ex. 6. At no point during or after the deposition did Krilivsky attempt to contact counsel for Atari by any means of communication. *Id.* at ¶ 12. Having received no correspondence from Krilivsky, counsel for Atari placed another call to his phone

on July 29, 2021, and received the same automated voice message described above. *Id.* at ¶ 13.

### C. Between being informed of his counsel's withdrawal and missing his deposition, Krilivsky was traveling between sunny paradises and partying while RageOn collapsed.

Though Krilivsky has not responded to this Court's May 28, 2021 Order or service of the Notice of Deposition, he has remained highly active on the Instagram social media platform, where he has posted countless videos and photographs under the username "mdadk." *See* Laiolo Decl., ¶¶ 15–17. He makes frequent use of the Instagram feature known as "Stories Highlights," which allows users to pin videos and photographs within themed collections or categories to their profile for as long as they prefer. *Id.* at ¶ 17, Ex. 9. Photos and videos posted in Stories Highlights contain timestamps showing when they were originally uploaded to the user's Stories Highlights in the top left corner of the photo or video. *Id.* at ¶ 17. The timestamps show, in approximate days, weeks, or months before the date the Stories Highlights are viewed, when the Stories Highlights were originally uploaded. *Id.*

Around the time Defendants' former counsel served the Beral Decl. on June 3, 2021, Krilivsky was enjoying ritzy hotels, nightclubs, and penthouses in Miami, Florida. *See* Laiolo Decl. at ¶ 20a, Ex. 10. After his South Beach jaunt, he headed further south to Tulum, Mexico, where he and members of his latest business venture, "Creatify," commemorated their trip by howling at the moon. *Id.* at ¶ 20b, Exs. 11–12. One of his weeks-long journey to Mexico's featured locales was Tulum's "Temple of Light"—an upscale property with a sizable swimming pool with picturesque views of the Caribbean—where Krilivsky hosted a dinner for twenty-five guests. *Id.* at ¶ 20c, Ex. 13.

After his trip to Tulum, Krilivsky returned to the United States where he hobnobbed with a potential Creatify investor while perusing that potential investor's fleet of luxury cars. *Id.* at ¶ 20b, Ex. 11. Close in time to his noticed July 14, 2021

deposition, Krilivsky was "behind the scenes" filming a program called "Office Hours" for the Bloomberg outlet, enthusiastically reporting to his Instagram followers the many celebrities joining him on the program. *Id.* at ¶ 20b, Ex. 11. Mere days before his deposition date, Krilivsky enjoyed front row seats at a Major League Baseball game between the Baltimore Orioles and the Chicago White Sox. *Id.* at ¶ 20f, Exs. 16–17. On August 1, 2021, Krilivsky was out of the country again—in Cuba. *Id.* at ¶ 20g, Ex. 18.

### D. Like before, Krilivsky contacts a lawyer at the eleventh hour after Atari has already been prejudiced.

Only after failing to appear for his deposition, after the discovery cut-off passed, and after Atari met and conferred with Krilivsky concerning this motion pursuant to Local Rule 7-3, did Krilivsky apparently decide to contact a lawyer. Laiolo Decl., ¶¶ 21–23. In this regard, an attorney purporting to represent Krilivsky, but who has to date not appeared in this action, advised Krilivsky would now agree to schedule his deposition. *Id.* at ¶ 23, Ex. 20. Atari will serve that attorney with this motion in the event Krilivsky has any opposition to the arguments made herein. *Id.*

### III. ARGUMENT

The Court can enter the default of a party when that party "has failed to plead or otherwise defend" against a complaint. Fed. R. Civ. P. 55(a). Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, district judges possess the inherent power to enter default when a defendant has failed to defend against an action. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). District judges can wield their power to enter default when a party fails to comply with a court order to appear through counsel. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1142 (9th Cir. 1989) (upholding default against parties who failed to retain new counsel or otherwise appear after their prior counsel withdrew from representation); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (affirming default against a

party who failed to adhere to a court order to appear through counsel and finding that "[s]uch cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend'") (internal citations omitted). Default is additionally authorized as a sanction for a party's failure to attend that party's own deposition. *See* Fed. R. Civ. P. 37(d)(3); 37(b)(2)(A)(vi).

### A. The Court Should Enter the Default of RageOn.

This Court warned RageOn that if RageOn did not appear through counsel by June 28, 2021, the Court would strike RageOn's answer. *See* Dkt. No. 94. RageOn's former attorney, Beral, further relayed the substance of the Court's Order and RageOn's responsibilities in this litigation to RageOn by sending multiple emails to Krilivsky and multiple mailings to each of RageOn's mailing addresses. Dkt. No. 95, ¶¶ 4–5. That June 28 deadline has long since passed, and RageOn has refused to abide it. RageOn's answer is presumed stricken, and the entity has thereby failed to respond to Plaintiff's First Amended Complaint (Dkt. No. 72). This failure alone is sufficient under Federal Rule of Civil Procedure 55(a) for entry of default against RageOn.

RageOn is additionally out of compliance with Local Rule 83-2.2.2. That rule specifies that "[o]nly individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court." Beral informed RageOn of the consequences of violating this rule, including that its answer would be stricken if it did not appear by counsel by June 28, 2021. Dkt. No. 95, ¶¶ 6–7. Plus, the Local Rules explicitly provide for entering the default of parties like RageOn who disobey them (*see* L.R. 83-2.2.4).

Aside from the striking of RageOn's answer and RageOn's violations of the Local Rules, it has also demonstrated an outright refusal to defend against Atari's suit in any capacity. The company is in arrears—having refused to pay any of its

1  outstanding fees to its former counsel, and having assigned all of its assets to an
2  entity known as Gerathen, LLC pursuant to an assignment for the benefit of
3  creditors. *See* Dkt. No. 92-1, 3–4. This course of action constitutes "evidence that
4  Defendant . . . will be unable to satisfy a judgment, or will otherwise improperly
5  prevent Plaintiff from recovering[,]" which the Court found lacking when it set
6  aside the original default against RageOn. *See* Dkt. No. 71, 12.

7  RageOn was warned by this Court and its former attorney of its responsibility
8  to litigate this case in a timely, responsive manner. RageOn ignored these warnings,
9  and the Court should enter its default accordingly. Moreover, given the history of
10 this case, and RageOn's repeated deception of the Court, the court should further
11 reinstate the default judgment previously entered against RageOn (Dkt. No. 16).

12 **B.    The Court Should Enter the Default of Krilivsky.**

13 When this Court ordered the original default entered against RageOn set
14 aside, it noted that at the time of the Court's order, "Plaintiff [had] not provided any
15 evidence that Defendant will dissipate and hide its assets, will be unable to satisfy a
16 judgment, or will otherwise improperly prevent Plaintiff from recovering." Dkt.
17 Nos. 71, 12. Since that order came down, however, Krilivsky and his company,
18 RageOn, have done all of the above.

19 First, Krilivsky failed to attend his duly-noticed deposition. Even though
20 Atari served the Notice of Deposition on Krilivsky by overnight mail to his last
21 known mailing address, provided a courtesy copy via email, and attempted to call
22 his last-known telephone number on multiple occasions prior to the date of
23 deposition, he failed to respond in any way. *See* Laiolo Decl., ¶¶ 6–12; Beral Decl.,
24 ¶ 2. The email address that served as Krilivsky and his prior counsel's "primary
25 means of communication" (*see* Beral Decl., ¶ 2) seems to have been deactivated or
26 shut down despite Krilivsky having used that email to communicate with counsel for
27 Atari just one month before Atari noticed his deposition. *See* Laiolo Decl., ¶ 5, 10.
28 Krilivsky further set his phone to silence calls from numbers not already stored as

1  contacts, cutting off yet another avenue of communication for counsel for Atari. *Id.*,
2  ¶ 22.
3        Next, Krilivsky violated this District's Local Rules. Despite being informed
4  by his former attorney that he would "be required to comply with this Court's
5  standing orders, this District's Local Rules, the Federal Rules of Civil Procedure and
6  all other Federal Rules" (Beral Decl., ¶ 6), Krilivsky has run afoul of Local Rules
7  83-2.2.1 and 83-2.3.3 by failing to make any appearance *pro se* since his former
8  attorney has withdrawn. Krilivsky's failure to attend his deposition is also a
9  violation of Local Rule 83-2.2.3, which requires that any person appearing *pro se*
10 comply with the Local Rules, as well as the Federal Rules of Civil Procedure,
11 including Rules 30(a), 30(b), 37(d), and 37(b)(2)(A)(vi), which collectively
12 authorize the sanction of default against a party who fails to attend its own
13 deposition. Local Rule 83-2.2.4 also independently authorizes default against a party
14 like Krilivsky who violates either the Federal Rules or the Local Rules, let alone
15 both simultaneously.
16       Finally, ever since this Court gave his company a second chance by setting
17 aside the original default, Krilivsky has engaged in behavior indicative of abject
18 refusal to defend this case. His Instagram profile sheds light on the activities with
19 which he busied himself as opposed to securing counsel for himself or RageOn,
20 appearing *pro se*, attending his deposition, or otherwise cooperating or
21 communicating with Atari. Around the time his former counsel served the Beral
22 Decl. informing Krilivsky of his fast-approaching responsibilities and the
23 consequences of failing to tackle them, Krilivsky was traveling in Miami, Florida,
24 staying at lavish hotels and rubbing elbows in penthouses and nightclubs. *See* Laiolo
25 Decl., ¶ 20a. Immediately following his trip to Miami, he took members of his latest
26 venture, "Creatify," to Tulum, Mexico, where he and his guests spent weeks in
27 lavish ocean-side accommodations. *See id.* at ¶¶ 20b–20e. Mere days before the date
28 set for his deposition, Krilivsky could be seen courting wealthy potential "Creatify"

investors and plugging his new enterprise in Los Angeles interviews on one day, and treating himself to front row seats across the country at an Orioles–White Sox game on another. *See id.* at ¶¶ 20b–20f.[1]

Krilivsky treated himself to such extravagant recreation even though RageOn seemingly sold off all of its remaining assets and intellectual property to creditors without informing its former lawyers, Atari, or this Court. *See* Dkt. 92-1, 3–4. But while RageOn is failing, Krilivsky individually seems to be finding success with "Creatify," which was purportedly "just accepted to the number one B to B enterprise accelerator . . . Alchemist Accelerator . . . the most prominent, MIT-ranked, $1.2 billion dollars in funding, um, accelerator in existence." Laiolo Decl., ¶ 20e. Perhaps Krilivsky fueled his new business in part with the $900k in levied funds with which he was earlier reunited.

Krilivsky's last-ditch effort to hire counsel to attempt to avoid default does not obviate his rule violations or the prejudice they inflicted on Atari. Though his new counsel has purportedly been retained to "help him through the deposition process," Krilivsky prevented Atari from taking his deposition when he refused to attend it, and failed to communicate with Atari in any manner prior to the discovery cut-off. Laiolo Decl., ¶¶ 12, 21, 23, Ex. 20. Given Krilivsky's pattern, his last-minute hiring of counsel should not be seen to indicate a serious willingness to litigate this case. Atari has already been severely prejudiced by Krilivsky's actions, and should not be required to restart this case at this late date. Unfortunately, RageOn's implosion and Krilivsky's life of world-traveling luxury evidence that

---

[1] After failing to appear for his deposition, and after the discovery cut-off had passed, Krilivsky e-mailed counsel for Atari from a new e-mail account to discuss settlement. Atari is cautious not to disclose confidential settlement communications, but no settlement was reached. Laiolo Decl. at ¶ 21. This motion will be served on Krilivsky both at the address and email provided by his previous counsel, but also to the new email from which Atari most recently received correspondence from Krilivsky, and Krilivsky's new counsel. *Id.*, ¶ 23.

Krilivsky has indeed "dissipated" and "is hiding his assets." Dkt. 71, 12.

## IV. CONCLUSION

For the reasons set forth above, Atari respectfully requests the Court grant the Motion.

DATED: August 23, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
    Keith J. Wesley
    Matthew L. Venezia
    George B. A. Laiolo


By:     /s/ *George B. A. Laiolo*
    George B. A. Laiolo
Attorneys for Plaintiff Atari Interactive, Inc.

# PROOF OF SERVICE

**Atari Interactive, Inc. v. Rageon, Inc., et al.**
**USDC, Central District of California - Case No.: 2:19-CV-10806-DSF-MAA**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On August 23, 2021, I served true copies of the following document(s) described as **PLAINTIFF ATARI INTERACTIVE, INC.'S APPLICATION FOR ENTRY OF DEFAULT AND REINSTATEMENT OF DEFAULT JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** On August 23, 2021, based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aporcellino@bgrfirm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 23, 2021, at Los Angeles, California.

*/s/ Ana Z. Porcellino*
Ana Z. Porcellino

## SERVICE LIST

*Atari Interactive, Inc. v. Rageon, Inc., et al.*
**USDC, Central District of California - Case No.: 2:19-CV-10806-DSF-MAA**

| | |
|---|---|
| Michael Krilivsky<br>Rageon, Inc.<br>4481 Shirley Drive<br>Cleveland, OH 44121<br>Tel: (617)633-0544<br>Email: mike@rageon.com<br>michaelkrilivsky@gmail.com | Defendants In Pro Per:<br>Michael Krilivsky and Rageon, Inc.<br>*(Via email & overnight)* |
| William L. Buus<br>858 S. Coast Drive, Suite 385<br>Costa Mesa, CA 92626<br>Tel: (949)825-6140<br>Fax: (949)825-6141<br>Email: wbuus@shifferbuus.com | Attorneys for Defendant:<br>Michael Krilivsky<br>*(Via email only)* |