BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
George B. A. Laiolo (State Bar No. 329850)
  glaiolo@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., | Case No. 2:19-CV-10806-DSF-MAA |
| Plaintiff, | The Hon. Dale S. Fischer |
| vs. | **PLAINTIFF ATARI INTERACTIVE, INC.'S REPLY IN SUPPORT OF ITS APPLICATION FOR ENTRY OF DEFAULT AND REINSTATION OF DEFAULT JUDGMENT** |
| RAGEON, INC., and MICHAEL KRILIVSKY | |
| Defendants. | *[Filed Concurrently with Declaration of George B. A. Laiolo in Support of Thereof]* |
| | Date:      September 20, 2021 |
| | Time:      1:30 p.m. |
| | Crtrm.:  7D |

## I.     <u>INTRODUCTION</u>

RageOn failed to cooperate with its counsel to provide discovery responses, disobeyed this Court's order requiring it to timely retain counsel, and its CEO, Michael Krilivsky, failed to appear for his duly-noticed deposition. Mr. Krilivsky expressly told Atari that RageOn would not participate in the case. Atari then moved for default because it had no other option—there were no defendants anywhere to be found. Now, following his pattern of only showing up at default time, Mr. Krilivsky, ***again***, lies to this Court. If ever there were litigants that deserved to be placed in default, RageOn and Mr. Krilivsky are those litigants.

When RageOn earlier asked this Court to set aside the default judgment entered against it, Atari brought several "inconsistencies" in Mr. Krilivsky's under-oath statements to the Court's attention. While the Court ultimately set aside the default judgment against RageOn, the Court cautioned RageOn and Mr. Krilivsky as follows:

> The Court cautions Defendant and its counsel to ensure future filings are accurate and not misleading, particularly when declared under penalty of perjury.

Dkt. No. 71 at 8 n. 9. Mr. Krilivsky did not get that message.

He now declares under oath:

> At no point in time did either RageOn or I intend to abandon or cease participation in this action.

Dkt. No. 101-1, ¶ 2. In an e-mail to Atari, Mr. Krilivsky said the opposite:

**Matthew L. Venezia**

| | |
|---|---|
| **From:** | Mike Krilivsky <mike@rageon.com> |
| **Sent:** | Friday, May 14, 2021 5:28 AM |
| **To:** | Matthew L. Venezia |
| **Cc:** | Arash Beral |
| **Subject:** | RE: Atari/RageOn |

There's no settlement offer to make here
RageOn has already started an ABC process, once you win the new case by default, because no one will be fighting it, then you can make a claim as a creditor.

PLAINTIFF ATARI INTERACTIVE, INC.'S REPLY IN SUPPORT OF ITS APPLICATION FOR ENTRY OF
DEFAULT AND REINSTATION OF DEFAULT JUDGMENT

1    Decl. of George B. A. Laiolo in Support of Atari's Reply ("Laiolo Reply Decl.) at ¶

2    2, Ex. 1.

3            Atari should not be required to play this game with RageOn and Mr.

4    Krilivsky any further. Their pattern shows they will never defend this case in good

5    faith or comply with this Court's rules, and there should be consequences for Mr.

6    Krilivsky's unrepentant perjury.

7    **II.    ARGUMENT**

8            **A.    Mr. Krilivsky's numerous misrepresentations to this Court further**

9                   **justify default.**

10           In his opposition papers, Mr. Krilivsky argued that "a finding of willfulness,

11   fault, or bad faith is required" before the Court may enter default as a sanction for a

12   party's misconduct. Dkt. No.101, 5:10–11 (citing *Leon v. IDX Systems Corp.*, 464

13   F.3d 951, 958 (9th Cir. 2006)). Over the course of this litigation, Mr. Krilivsky has

14   demonstrated a pattern of making willful, bad-faith misrepresentations to this Court.

15   Contrary to Mr. Krilivsky's argument in opposition, those misrepresentations are

16   indeed "related to the merits of the case" under *Halaco Engineering Co. v. Costle*,

17   843 F.2d 376, 381 (9th Cir. 1988), because they have prejudiced Atari's ability to

18   gather the evidence required to prosecute its claims on the merits.

19           First, before the events giving rise to *this* default motion transpired, Atari

20   submitted extensive evidence proving Mr. Krilivsky's "troubling willingness to

21   misrepresent facts, and failure to disclose material facts" in connection with the *first*

22   default proceeding in this case. *See* Dkt. No. 61, Atari's Supplemental Opposition to

23   RageOn's Emergency Ex Parte Application for Relief from Default Judgment, at

24   Section II.I, "RageOn Engages in Fraud on This Court in Its Attempt to Set Aside

25   Atari's Default Judgment." For instance, Atari demonstrated Mr. Krilivsky

26   misrepresented his understanding of the consequences of default judgments, the

27   nature of his attorney-client relationship with his prior counsel, and RageOn's

28   financial position. Again, Atari's evidence prompted the Court to "caution[ RageOn]

and its counsel to ensure future filings are accurate and not misleading, particularly when declared under penalty of perjury." Dkt. No. 71 at 8 fn.9.

Now, Mr. Krilivsky claims:

> From the time I learned my attorneys were withdrawing from this action in early to mid-May of this year, to the time I retained Schiffer & Buus APC to represent both Defendant RageOn, Inc. and myself in this action, I was diligently evaluating my legal options and searching for an attorney to represent us in this action.

Dkt. No. 101-1, ¶ 2. But Mr. Krilivsky's disobedience of the Court's Order bely his claim of diligence. Per that Order, RageOn was required to make an appearance through an attorney by June 28, 2021, lest the Court strike RageOn's answer. Dkt. No. 94 at 3. The Order also required Mr. Krilivsky to comply with all Local Rules, including L.R. 83-2.2.1 and 83-2.3.3, which demanded Mr. Krilivsky appear *pro se* or appoint counsel. RageOn and Mr. Krilivsky's new counsel made an appearance on August 25, 2021, nearly two months after the Court's deadline, and only after Atari filed the present motion.[1]

Next, Mr. Krilivsky's claim that "at no point in time did either RageOn or I intend to abandon or cease participation in this action" is a provable lie. Dkt. No. 101-1, ¶ 2. Two days after Mr. Krilivsky's former counsel moved to withdraw from representation, Mr. Krilivsky sent counsel for Atari the following message:

> There's no settlement offer to make here. RageOn has already started an ABC [Assignment for the Benefit of Creditors] process, once you win the new case by default, because no one will be fighting it, then you can make a claim as a creditor. Right now, there won't be enough funds to split amongst the creditors after abc fees, so it's kind of a moot point. Im just trying to save you money and time.

---

[1]   Atari's evidence of Mr. Krilivsky's many travels as the June 28 deadline loomed further contradicts Mr. Krilivsky's claim of "diligence." *See* Dkt. No. 97-1, Decl. of George B. A. Laiolo in Support of Atari's Request for Entry of Default ("Laiolo Decl."), ¶¶ 14–20g.

Laiolo Reply Decl., ¶ 2, Ex. 1. In fact, the bases for Mr. Krilivsky's and RageOn's prior counsel's motion to withdraw were "Defendants' unilateral actions to proceed with an assignment for the benefit of creditors and liquidation without informing Blank Rome in advance, failing to communicate with Blank Rome for long periods of time, and Defendants' failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice." Dkt. No. 92-2 at 1. Together, Mr. Krilivsky's own words to Atari's counsel, and his representations to his prior counsel, prove that RageOn had zero intention of participating further in this litigation, instead choosing to hide behind its liquidation. Only after counsel for Atari met and conferred with Mr. Krilivsky on August 13, 2021 to inform Mr. Krilivsky of the pendency of this default motion did the defendants begin participating in this litigation to the minimal extent they believed was required to avoid default.

### B.   Atari's service of Mr. Krilivsky's notice of deposition was proper.

In his Opposition, Mr. Krilivsky argues that he "shouldn't be penalized for Atari's decision to schedule [his] deposition at the last minute." Dkt. No. 101, 8:8–10. But this characterization omits context. This Court's Order required RageOn appear through counsel by June 28, 2021. Dkt. No. 94, 3. Atari gave RageOn a chance to heed that Order before deposing its *pro se* CEO. When it became clear, however, that RageOn had no intention of appointing new counsel on June 28 or any time thereafter, Atari noticed Mr. Krilivsky's deposition promptly on July 7, 2021.

Mr. Krilivsky's arguments that he never received actual notice of his deposition strain credulity, and he simply does not deserve the benefit of the doubt at this point. Mr. Krilivksy first claims:

> The address to which Atari's counsel apparently delivered my deposition notice (i.e., 4481 Shirley Drive, Cleveland, Ohio 44121) was never my residence address. Instead, that is the last known address of RageOn's former Customer Service Manager, whose address was used as RageOn's business address after RageOn was forced to vacate its office space.

Dkt. No. 101-1, ¶ 4. Yet, the 4481 Shirley Drive address was characterized—to

Atari, the defendants, and this Court—as "the last known mailing address" of both RageOn and Mr. Krilivsky by defendants' former counsel. *See* Dkt. No. 95, Decl. of Arash Beral, ¶ 2. In fact, defendants' former counsel **directly informed defendants that the Shirley Drive address would be the address to which all future documents would be served or sent until changed by appropriate notice or substitution of attorney**. *Id.* at ¶ 4. Not until the filing of defendants' Opposition and Mr. Krilivsky's declaration did Krilivsky ever take any issue with the use of this address.

The same goes for Mr. Krilivsky's email address. Mr. Krilivsky claims that between July 1 and July 11, email service for the mike@rageon.com address was suspended due to nonpayment. Dkt. No. 101-1, ¶ 5. Once payment was made, so the story goes, email service resumed, but Krilivsky purportedly could not view any emails sent between July 1 and July 11. *Id.* As this email address was identified as the "primary means of communication" between Mr. Krilivsky and his former counsel (Beral Decl. at ¶ 2), Atari had no reason to believe that messages sent thereto would go undelivered into the void for a brief period of ten days, never to be seen again. Contrarily, Atari expected that since Mr. Krilivsky's former counsel had also informed Mr. Krilivsky, via email to the same address, of all future dates set in this action—including the deadline to appoint new counsel for RageOn and the discovery cutoff—he would monitor his email address closely.

Not merely relying on Mr. Krilivsky's obligation to keep track of the lawsuit against himself and his company, Atari took further steps to notify Mr. Krilivsky of his forthcoming deposition. Counsel for Atari called the number identified in the Beral Decl. (Dkt. No. 95, ¶ 2) on multiple occasions, but with each call came the same lack of rings and the same automated message—"I'm sorry, but the person you called has a voicemail box that has not been set up yet." Laiolo Decl., ¶¶ 9, 11, 13. Facing the fact that Atari attempted to notify him of his deposition by mail to his last known address, by email to the address identified as his primary means of

1   communication with his former counsel, and by calls to his cell phone, Mr.

2   Krilivsky now blames counsel for Atari for failing to text him or send him a

3   message via Instagram. Dkt. No. 101, 8:18–20. No Federal or Local rule authorizes

4   these channels for communication of legal notices. Krilivsky cannot point at Atari

5   with the same fingers he used to plug his own ears.

6          **C.**    **Defendants' obstructive tactics have prejudiced Atari.**

7         In their Opposition, the defendants mischaracterize the prejudice their refusal

8   to participate in discovery in this case has caused Atari. They claim that "shortly

9   after" the defendants retained their new counsel, that counsel reached out to Atari to

10   reschedule Mr. Krilivsky's deposition, and cast aspersions at Atari for refusing to do

11   so. *Id.* at 8:22–26; 9:5–6. But Atari could not simply reschedule Mr. Krilivsky's

12   deposition at his leisure more than a month after the close of discovery, with expert

13   deadlines approaching, before any deposition could ever be scheduled. Federal Rule

14   of Civil Procedure 29(b) states that any stipulation between counsel that would

15   extend the discovery cutoff requires the Court's approval. Moreover, the dates set in

16   the Court's January 19, 2021 Scheduling Order are "firm," with the Court being

17   "very unlikely to grant continuances unless the parties establish good cause through

18   a concrete showing." Dkt. No. 84. By the time the defendants' new counsel offered

19   to reschedule Krilivsky's deposition, the defendants had been in violation of the

20   Court's Order for nearly two months, and had only hired counsel once Atari

21   expressed its intent to file this motion. (Not to mention that this case has been

22   pending since December of 2019, delayed by RageOn's and Mr. Krilivsky's

23   gamesmanship.)

24         Defendants have also failed to make *any* production of documents, despite

25   having agreed to do so. In RageOn's April 21, 2021 Objections and Responses to

26   Atari's First Set of Requests for Production, RageOn agreed to produce documents

27   responsive to 18 out of Atari's 35 document requests. Laiolo Reply Decl., ¶ 3, Ex. 2.

28   But RageOn never produced a single document, with its prior counsel explaining

1  that he simply did not have RageOn's cooperation to assemble a document

2  production, prejudicing Atari's ability to take any meaningful deposition of Mr.

3  Krilivsky on the merits of this case. *Id.* at ¶¶ 3, 4; Ex. 3. Indeed, even had Mr.

4  Krilivsky shown up for his noticed deposition, Atari would have been severely

5  prejudiced, because it did not have the benefit of any document production.

6  **III.   CONCLUSION**

7           For the reasons set forth above, Atari respectfully requests the Court grant the

8  Motion.

9

10  DATED:  September 3, 2021            BROWNE GEORGE ROSS
                                        O'BRIEN ANNAGUEY & ELLIS LLP
11                                          Keith J. Wesley
12                                          Matthew L. Venezia
                                            George B.A. Laiolo
13

14

15                                  By:  ___*/s/  George B. A. Laiolo*___
                                            George B. A. Laiolo
16                                  Attorneys for Plaintiff Atari Interactive, Inc.

17

18

19

20

21

22

23

24

25

26

27

28