# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br>       Plaintiff, <br><br>           v. <br><br> RAGEON, INC. & MICHAEL KRILIVSKY, <br>       Defendants. | CV 19-10806 DSF (MAAx) <br><br> Order GRANTING in Part Plaintiff's Application for Entry of Default and DENYING Reinstatement of Default Judgment (Dkt. 97) |

Plaintiff Atari Interactive, Inc. applies for entry of default against Defendants RageOn, Inc. and Michael Krilivsky and reinstatement of the Court's April 2, 2020 default judgment against RageOn. Dkt. 97 (App.). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the application for entry of default is GRANTED in part and reinstatement of default judgment is DENIED.

## I. BACKGROUND

Atari is a well-known video game brand that makes games such as Pong, Breakout, and Asteroids. Dkt. 72 (Am. Compl.) ¶ 8. On December 20, 2019, Atari sued RageOn for direct, contributory, and vicarious trademark infringement and counterfeiting; direct, contributory, and vicarious copyright infringement; trademark dilution; false designation of origin; and common law unfair competition. RageOn was served on December 27, 2019 through its registered agent, but did not answer or otherwise appear or participate in this litigation. Atari applied for entry of default against RageOn on January 29, 2020. Dkt. 12. The clerk properly entered default the next day. Dkt. 13. On

February 24, 2020, Atari applied for default judgment against RageOn. Dkt. 14.

On April 2, 2020, the Court granted in part Atari's motion for default judgment against RageOn as to the First Claim for Relief – Trademark Infringement and Counterfeiting – and the Second Claim for Relief – Copyright Infringement. Dkt. 16 (April 2 DJ Order). The Court also "permanently enjoined and restrained" RageOn "from infringing on [Atari's] trademarks and copyrights" and awarded Atari $800,000 in statutory damages. Id. at 8, 11. Because Atari failed to address the remaining seven causes of action, failed to address its request to require RageOn to destroy all infringing goods and provide an accounting of profits, and failed to provide documentation necessary for an award of attorneys' fees, the Court permitted Atari to submit supplemental briefing by April 13, 2020. Id. at 5, 9, 11-12.

Atari submitted supplemental briefing requesting dismissal without prejudice of the seven remaining claims, withdrawing its request for an order requiring RageOn to destroy all infringing goods and provide an accounting of profits, and providing documentation of its registered copyrights for an award of attorneys' fees. Dkt. 17. On April 14, 2020, the Court dismissed the remaining seven causes of action without prejudice and awarded Atari additional statutory damages and attorneys' fees, bringing the total award to $1,125,600. Dkt. 18 (April 14 DJ Order). The next day, the Court entered a default judgment against RageOn. Dkt. 19.

On July 6, 2020, RageOn filed an emergency *ex parte* application for an order for relief from default judgment, setting aside entry of default, and recalling/quashing the writ of execution against RageOn. Dkt. 26. On August 25, 2020, the Court granted RageOn's motion, finding RageOn's prior attorney "abdicated her duties as counsel" by failing to defend the action in any way despite her repeated assurances that she had done so. See dkt. 71.

On September 11, 2020, Atari filed a First Amended Complaint (FAC) against both RageOn and Krilivsky, alleging the same causes of

action as the original complaint. Dkt. 72 (FAC).[1] On September 28, 2020, the Court granted a stipulation filed by counsel for Defendants continuing RageOn's deadline to file a responsive pleading to November 23, 2020, the same day Krilivsky's responsive pleading was due. Dkt. 76. Defendants' counsel also stipulated that Krilivsky waived service of summons of the FAC. Dkt. 75 at 2-3. On November 23, 2020, Defendants filed their answer to Atari's FAC. Dkt. 78.

On January 15, 2021, attorney Julianna M. Simon made an appearance on behalf of Defendants. Dkt. 81. On January 19, 2021, counsel of record Jeffrey M. Jensen withdrew from the case and Arash Beral made an appearance. Dkt. 83. On April 1, 2021, Simon withdrew from the case. Dkt. 89. On the same day, attorney Dustin Z. Moaven filed an appearance on behalf of Defendants. Dkt. 90. On April 14, 2021, Moaven withdrew from the case. Dkt. 91. Finally, on May 12, 2021, Beral filed a notice of motion for an order authorizing both himself and his law firm, Blank Rome, LLP to withdraw as attorneys of record for Defendants. Dkt. 92.

Beral and Blank Rome sought to withdraw from the case because "the attorney-client relationship ha[d] completely broken down, such that Blank Rome recently discovered that RageOn intends to proceed with an assignment for the benefit of creditors and subsequent liquidation." Id. at 1. Beral stated that "Mr. Krilivsky . . . went several weeks without communicating with Blank Rome," and failed to inform Blank Rome about RageOn's intention to proceed with an assignment. Id. Beral asserts "Defendants are indebted to Blank Rome a significant amount of money and such balances have gone long past due. Indeed, Defendants have failed to make a single payment." Id. On May 28, 2021, the Court granted Beral's motion "effective on the date that moving counsel files and serves – on the clients and all attorneys of record – a declaration that":

---

[1] Atari asserts on information and belief that Krilivsky is the founder of RageOn who "owns significant interest in RageOn, and exercises primary control over RageOn as its CEO." Id. ¶ 26.

3

(1) Sets forth the clients' current address and telephone number, recently verified as accurate by the withdrawing counsel;

(2) Informs the clients and all attorneys of record that the stated address will be the address to which all future documents will be served or sent until changed by appropriate notice or substitution of attorney;

(3) Informs the clients of all future dates now set in this action, including, but not limited to, pre-trial conference related dates, discovery cut-off dates, the motion cut-off date, and dates relating to any pending discovery obligations;

(4) *Informs any individual client that any individual appearing pro se will be required to comply with this Court's standing orders, this District's Local Rules, the Federal Rules of Civil Procedure and all other Federal Rules.* The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules;

(5) Informs any client corporation, unincorporated association, partnership, or trust that it cannot appear without counsel, and of the consequences of its failure timely to obtain counsel.  See Local Rule 83-2.2.1;

(6) Informs the clients when and where the clients may obtain the clients' case file, if it is not already in the clients' possession;

(7) Informs the clients of the following:

The Court cannot provide legal advice to any party, including *pro se* litigants, *i.e.*, parties who are not represented by a lawyer.  There is a free "*Pro Se Clinic*" that can provide information and guidance about many aspects of civil litigation in this Court.

>Parties in court without a lawyer are called "pro se litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
>
>Pro se litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an e-mail address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.
>
>(8) *Informs any client corporation, unincorporated association, partnership, or trust that failure of the client to appear through counsel no later than June 28, 2021 will result in the striking of that client's answer.*

Dkt. 94 (Withdrawal Order) (emphasis added). The Withdrawal Order also provided that "[e]ffective on the date counsel complies with this Order, the individual defendant will represent himself, and the docket will be amended to reflect the address for defendant as described in counsel's declaration." Id. at 3. On June 3, 2021, Beral filed the required declaration with the Court with the requisite proof of service. Dkt. 95. Until Atari filed this motion, no attorney had made an appearance on behalf of RageOn or Krilivsky, nor had Krilivsky

5

provided an address, email address, or telephone number that differs from the ones offered in Beral's declaration.

On August 23, 2021, Atari brought this application for entry of default against Defendants and reinstatement of the Court's April 2 DJ Order against RageOn.

## II. Discussion

### A. Entry of Default Against RageOn and Reinstatement of the Court's April 2 DJ Order

Atari argues the Court should enter a default against RageOn under Rule 55(a) of the Federal Rules of Civil Procedure for failing to comply with the Court's Withdrawal Order. App. at 7-9.

Because RageOn filed an answer, the Court cannot enter default until the answer is stricken. A court may strike a defendant's answer and enter default against a defendant for failing to comply with a court's order. See, e.g., Jorgensen v. Cassiday, 320 F.3d 906, 911 (9th Cir. 2003); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Emp. Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 995 (9th Cir. 2007) (default warranted where the defendant company "violated a local rule requiring it to be represented by counsel."). If a company fails to retain counsel, it is appropriate for the court to strike the company's answer and enter default. See Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010); Osgood v. Main Streat Mktg., LLC, No. 16cv2415-GPC(BGS), 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) (striking defendants' answer in part for failing to comply with court order to retain counsel and entering default pursuant to Rule 55(a)).

On May 28, 2021, the Court ordered RageOn to retain new counsel "no later than June 28, 2021" and failure to do so would "result in the striking of [RageOn's] answer." Withdrawal Order at 3. RageOn does not dispute that it failed to retain counsel by June 28, and only states "it is now represented by counsel." Dkt. 101 at 7. That RageOn is now represented by counsel months after the Court's deadline is too

6

little too late.  Court orders are not suggestions, they are orders.  RageOn's failure to retain counsel was a direct violation of this Court's Withdrawal Order.  And the Court agrees with Atari that neither Krilivsky nor RageOn was diligent in seeking counsel and Krilivsky is continuing his misrepresentations to this Court.  Indeed, Krilivsky made clear To Atari that RageOn did not intend to defend the action.

Atari's application for default against RageOn is GRANTED.  The answer filed by RageOn is stricken and the Clerk of the Court is directed to enter default as to RageOn.

Without offering any legal support, Atari requests that the Court "reinstat[e] the default judgment against RageOn." App. at 1-2.  The Court declines to do so.  As stated above, when Atari initially filed an application for default judgment, the Court granted the application in part on the first and second claims of relief, but stated it was "inclined to dismiss the seven causes of action [Atari] has not addressed unless [Atari] submits supplemental briefing on each cause of action." April 2 DJ Order at 5.  Atari dismissed those seven causes of action without prejudice.  April 14 DJ Order at 1.  Atari then filed its FAC naming Krilivsky as a defendant and reasserting the nine causes of action – including the seven it previously dismissed – against both Defendants.  Given that Atari filed an FAC and did not brief the seven other causes of action, it would be inappropriate to reinstate its default judgment against RageOn.  Atari's application for reinstatement of the Court's default judgment against RageOn is DENIED without prejudice.

Any future request that the Court enter default judgment against RageOn must identify the appropriate default judgment standard, explain how Arari satisfies the requirements for any of the nine claims for which it seeks judgment (and dismiss all other claims), and provide an appropriate proposed default judgment.

## B.   Entry of Default Against Krilivsky

Atari argues the Court should enter Krilivsky's default because he "failed to attend his duly-noticed deposition" and "fail[ed] to make any appearance pro se since his former attorney has withdrawn."  App.

7

at 9-10. Atari contends both failures are grounds for entry of default pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 83-2.2.1, 83-2.2.3-83-2.2.4, and 83-2.3.3. Id. at 10. The Court disagrees.

The only substantive failure Atari has identified is Krilivsky's failure to attend his noticed deposition. The excuses proffered by his counsel strain credulity, but nonetheless, the Court declines to impose the "harsh penalty" of default. See, e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

The discovery cutoff is continued for the sole purpose of allowing Atari to take Krilivsky's deposition. Documents that RageOn's previous counsel agreed to produce must be provided within two weeks of the date of this order. Atari must provide to Krilivsky three proposed dates for his deposition within five weeks of the date of this order. Krilivsky must immediately notify Atari of his chosen date and must appear for his deposition on that date. Failure to appear for the deposition and respond to questions is likely to result in the striking of Krilivsky's answer and entry of default. Extension of other deadlines must be requested by stipulation or motion.

IT IS SO ORDERED.

Date: September 16, 2021

Dale S. Fischer
United States District Judge